In the Matter of the Estate of JOHN E. ANDRUS, Deceased.

Surrogate's Court, Westchester County, December 20, 1938.

*Larkin, Rathbone & Perry*, for Helen W. Benedict, A. Newell Benedict, Frank B. Smith and the New Jersey Title Guarantee and Trust Company, as executors, etc., petitioners.

*Kadel, Sheils & Weiss* [*William J. Sheils, Julius Weiss* and *Selig J. Silverman* of counsel], for John E. Andrus, Jr., respondent.

*Alfred M. Bailey*, special guardian.

MILLARD, S. Decedent died on December 26, 1934, leaving a will and three codicils thereto, which were duly admitted to probate

on March 6, 1935. The executors and trustees named by him qualified as such and have now filed intermediate accounts of their proceedings in both capacities. In the petition for the settlement of their accounts they also request that the court construe the will and instruct them with respect to the payment of any additional estate or inheritance taxes and determine whether income or principal shall pay the interest on such taxes or whether such interest shall be paid partly from income and partly from principal.

During the years 1921–1922, or some twelve or thirteen years prior to his death, decedent created two living trusts having a capital value of several million dollars. At the time of his death he left an estate of approximately $9,500,000, upon which the executors have paid the estate or inheritance taxes initially levied by the Federal and State governments. Thereafter, and during the month of January, 1938, the executors were notified by the Commissioner of Internal Revenue that he had determined a deficiency of $11,468,591.18 in the Federal estate tax levied against this estate. Over $10,000,000 of this tax deficiency was arrived at by including in the gross estate of decedent the corpus of the two living trusts theretofore created by him upon the ground that said transfers were made by him in contemplation of his death. It is this situation which gives rise to the problem now confronting the executors and trustees. It appears from the petition that the deficiency tax determination has been appealed to the Board of Tax Appeals and remains undisposed of before that tribunal.

The trustees of the living trusts, as well as the special guardian for the infants interested in this proceeding, have taken the position that, until such deficiency be finally determined by the court of last resort, the questions presented for determination by the executors and trustees are moot and should, therefore, be held in abeyance. Accordingly, the attorneys representing petitioners and the respondents, trustees of the living trusts, respectively, have entered into a stipulation in which they have agreed that consideration of the questions in connection with the allocation, as between the property passing under the will and that passing under the *inter vivos* trusts, of any possible deficiency tax and a construction of the will of this decedent be postponed pending a final determination of the tax question.

John E. Andrus, Jr., a son of the decedent and one of the beneficiaries of the residuary trust created under his will, has interposed an answer in this proceeding in which he requests the court to direct the executors and trustees to pay over certain accumulated income in accordance with the provisions of paragraph " fourth " of the will. The executors and trustees resist this application

substantially upon the ground that, in the event the Federal estate tax deficiency is finally held to be payable in the amount now determined by the Commissioner of Internal Revenue, the estate will be insufficient to satisfy such claim and that the executors and trustees will be held personally liable for any funds distributed by them contrary to the provisions of the Federal Estate Tax Law and the Decedent Estate Law of the State of New York. They further contend that the income now on hand must be held by them as a source out of which possible interest or penalties on such deficiency tax may be paid.

The only issue before me at this time, therefore, is that raised by the answer of John E. Andrus, Jr., which brings squarely before the court an interpretation of section 124 of the Decedent Estate Law.

Inasmuch as estate taxes are levied as of the date of death, income thereafter produced may not be considered in computing the taxable estate. It has, in my opinion, properly been held that the interest penalty on inheritance taxes is to be treated as part of the tax and charged to principal and not to income. (*Matter of Clark*, 169 Misc. 202; *Matter of Korn*, N. Y. L. J. Oct. 20, 1938, p. 1212.)

Under article " eighth " of his will, the testator directed that " all my estate, inheritance or succession taxes, payable on my estate, or on any of the legacies, devises or bequests herein shall be paid out of my residuary estate."

The third paragraph of subdivision 1 of section 124 of the Decedent Estate Law provides as follows: " No executor, administrator or other person acting in a fiduciary capacity shall be required to transfer, pay over or distribute any fund or property with respect to which a Federal or State estate tax is imposed until the amount of such tax or taxes due from the devisee, legatee, distributee or other person to whom such property is transferred is paid, or, if the apportionment of tax has not been determined, adequate security is furnished by the transferee for such payment."

The particular language of the statute, to wit, " any fund or property with respect to which a Federal or State estate tax is imposed," in my opinion refers only to the corpus of the estate. The government's lien for taxes attaches only to the corpus and not to the income produced after death. It follows, therefore, that this statutory provision is not available to the executors and trustees as an excuse for their failure to distribute the accumulated income now in their hands. Obviously testator could not foresee the imposition of an estate tax on the living trusts created by him many years before his death. In article " eighth " of his will he

makes it clear that the beneficiaries named by him shall receive the entire amount of their bequests without deduction for taxes of any kind. No one can say at this time with any degree of certainty how long this deficiency tax appeal will be in controversy.

It is conceivable that a situation might arise, under a literal construction of section 124 of the Decedent Estate Law, where a beneficiary of a trust might never in his lifetime receive the income to which he was entitled under the provisions of a will. This situation might be brought about by long-drawn-out appeals on the question of the imposition of a State or Federal tax. In my opinion it was never the intention of the lawmaking bodies to impose this hardship upon the beneficiaries of an estate. By no stretch of the imagination can it be said that the pertinent sections of Federal and State law which refer to the " gross estate " for purposes of taxation, be construed as meaning anything more than the estate existing at the date of death.

For the reasons stated, the executors and trustees will be directed to forthwith distribute the income now on hand to those entitled thereto under the provisions of the will without deduction for possible estate tax or the interest thereon. All other questions presented by the petition herein, except as to the settlement of the accounts, are held in abeyance pending a determination of the tax appeal.

Settle decree.